### CHECKER CAB MFG. CORPORATION v. CHECKER TAXI CO. et al.

#### Civ. A. No. 1251.

District Court, D. Massachusetts.

Jan. 12, 1943.

See, also, 2 F.R.D. 547.

Wm. A. Kneeland, of Boston, Mass., for plaintiff.

Damon E. Hall, Charles J. Innes, and Francis P. Garland, all of Boston, Mass., for defendants.

SWEENEY, District Judge.

The defendants, as a defense to this action of contract, have set up the illegality of the contract as being a contract that was void or voidable because of the plaintiff's violation of the common law and certain pertinent State and Federal statutes. It ap-

pears that the defendants have in mind the Sherman Anti-Trust and Clayton Acts, 15 U.S.C.A. §§ 1 et seq., 12 et seq., and similar State statutes.

The plaintiff has presented a motion for an order to limit the scope of the defendants' examination in the taking of depositions.

The test whether an agreement or combination is monopolistic or in restraint of trade so as to make it illegal appears to be whether the restraint is shown to have or is intended to have an effect upon prices in the market, or otherwise to deprive purchasers or consumers of the advantages which they derive from free competition. See Apex Hosiery Co. v. Leader, 310 U.S. 469, 501, 60 S.Ct. 982, 84 L.Ed. 1311, 128 A.L.R. 1044.

It appears from argument of counsel that there were other competitors of the plaintiff in the field of taxicab manufacturing and sales which would seem to indicate that any such agreement or combination on the part of the plaintiff and its subsidiaries was merely a combination amongst themselves to protect their own interests. If such an agreement or combination does not have the effect of fixing prices to the public or lessening competition in the open market, then, of course, it is not a prohibited agreement. But since the defendants have raised the question of the monopolistic character of the plaintiff and its subsidiaries and associates, I cannot deny them the right to make such pertinent inquiries as would tend to establish that point.

The plaintiff alleges that the inquiry is a mere fishing expedition. I cannot characterize it as such at this point in the proceedings.

In the light of all the circumstances, I feel that I must deny the plaintiff's motion to limit the scope of the examination, but I reserve the right to assess the costs of the examination against the defendants if it develops, either in whole or in part, that their inquiry has turned out to be a mere fishing expedition and of no avail to them in the defense of their case.

As the inquiry seems to be a rather searching one, and since it is being made purely as a matter of defense to an action on a contract, the use of any information developed through the inquiry is limited strictly to the present case.